**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1097

LAWRENCE A. ROSENDAHL,

Plaintiff, Appellant,

v.

DIANNE M. BRANGWYNNE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Margaret J. Kravchuk, U.S. Magistrate Judge]

Before

Torruella, Selya and Howard,
Circuit Judges.

Donald Grey Lowry on brief for appellant.
Bernard J. Kubetz on brief for appellee.

October 6, 2006

**Per Curiam**.  Plaintiff-appellant Lawrence A. Rosendahl was injured in a collision between his motorcycle and an automobile driven by defendant-appellee Diane M. Brangwynne on May 29, 2003. His suit in Maine Superior Court was removed to the United States District Court for the District of Maine based on diversity jurisdiction.  There, a jury rendered a verdict in favor of the defense, based on its finding that plaintiff's fault was at least equal to defendant's fault within the intendment of Maine's comparative negligence statute.  Me. Rev. Stat. tit. 14, § 156. Plaintiff moved for judgment as a matter of law notwithstanding the verdict or, in the alternative, a new trial.  The district court denied his motion.  This appeal followed.

The evidence, viewed in the light most supportive of the defense verdict, showed that, at a time immediately preceding the accident, the plaintiff was traveling down a public road behind a pickup truck.  When the road widened, he moved one lane to the left of the pickup and maintained a position close to the pickup's rear left quarter panel (in the driver's blind spot).  He continued in this position even as he approached a parking lot entrance/exit point on the right side of the road, at which exiting cars were queued.  His position made him less visible to cars leaving the lot.  The plaintiff was blind in his right eye, and his left eye provided only 48 degrees of peripheral vision on his right side. In all events, the plaintiff's position impeded him from scanning

-2-

to the right even if he were to turn his head.

Meanwhile, the defendant had come to a stop in her vehicle at the threshold of the exit from the parking lot.  She looked both ways along the road before starting to pull out, but failed to see the plaintiff on his motorcycle.  She crossed into the plaintiff's path; he saw her for the first time at that moment and applied his brakes.  His motorcycle collided with the side of the defendant's car, and he flew over the top of the vehicle.  Even at the moment of impact, the defendant did not see the plaintiff or realize that she had collided with a motorcycle.

At the time of the collision, the plaintiff held a recently-expired temporary practice permit for his motorcycle, issued by the State of Florida.  The plaintiff had failed a road-skills licensing test in Florida.  He also had read a manual on motorcycle riding issued by the State of Florida, which contained substantial material on safety precautions (including safe road positioning).

The plaintiff submits that, as a matter of law, the record shows that he was not negligent in any way that bore a causal connection to the accident.  He specifically contends that an attribution of negligence to his choice of road positioning is "unduly burdensome and inherently impracticable."

We understand that, as a general matter, a driver having the legal right of way may assume that other drivers will respect

his right of way until he has notice of facts to the contrary. See Moore v. Fenton, 289 A.2d 698, 706-708 (Me. 1972). At the same time, however, "the benefits of the existence of a legal right of way are conferred not absolutely but are enjoyed in relation to the correlative generalized doctrine that reasonable care must be exercised in particular and appropriate attendant circumstances." Id. In this case, the defendant was fully cognizant of the fact that vehicles traveling along the road had the right of way and acted accordingly by stopping her car and looking both ways before proceeding. She left her place of safety - the parking lot - only because she did not see the plaintiff. While the plaintiff could proceed with a "degree of faith" in other drivers' respect for the rules of the road, id. at 707, he could not claim absolute faith in the perceptual acuity of every other driver, especially when he voluntarily positioned himself in a hard-to-observe place. In these circumstances, we think that he had a duty to avoid, to the extent practicable, road positioning that impaired visibility as between his motorcycle and vehicles entering into, or crossing, the stream of traffic.

Comparing the degrees of fault between plaintiff and defendant in a case like this one is not easy. The law of Maine is that, as "long as the causal fault of both parties is factually in dispute, it is the sole prerogative of the jury to determine the comparative degrees of fault of each of the parties to a negligence

-4-

action." <u>Minott</u> v. <u>F. W. Cunningham & Sons</u>, 413 A.2d 1325, 1332 (Me. 1980)(internal quotation marks and citations omitted).  The jury's determination in this regard was within the bounds of reason.

The judgment is <u>affirmed</u>.